UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRYAN T. GADSON, | ) |
| Petitioner, | ) |
| v. | ) No. 2:18-cv-00019-WTL-DLP |
| SUPERINTENDENT,[1] | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Bryan T. Gadson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 17-09-0011. For the reasons explained in this Entry, Mr. Gadson's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the

---

[1] Effective July 1 2017, the official in charge of an Indiana penal facility or correctional institution holds the title "Warden" and is no longer titled a "Superintendent." Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to Fed. R. Civ. P. 25(d). The **clerk is directed** to update the docket to reflect this substitution.

record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 16, 2017, Mr. Gadson was charged with offense B-213, threatening, in case No. WVS 17-09-0011:

> On 9-16-2017 at approx. 7:10 am I C/O Martinez along with C/O Manley were running outside rec on A 1200 range. We arrived at cell A 1204 which Offender Gadson, Bryan resides. C/O Manley and I informed offender Gadson #989830 that his rec was cancelled due to impairment of surveillance because his cell door and light was covered. When walking away from Offender Gadson's cell, he began to shout. Offender Gadson stated "I want you mother fuckers to come in this cell and I will beat both your asses." C/O Manley and myself continued to escort offenders from that range as Gadson was saying "I got something for your asses."

Dkt. No. 10-1.

On September 18, 2017, Mr. Gadson was served with a copy of the conduct and screening reports. Dkt. Nos. 10-1 & 10-2. Mr. Gadson was advised of his rights and pleaded not guilty. He requested a lay advocate, and one was later appointed to him. Dkt. No. 10-3. He did not request any witnesses or physical evidence at his screening, but later requested video evidence. Dkt. No. 10-4.

On September 29, 2017, the disciplinary hearing officer held a hearing. Mr. Gadson pleaded not guilty and provided the following statement: "They never came to my cell to tell me anything – the video summary says 65639 there [sic] report says 710AM." Dkt. No. 10-6. After considering staff reports, Mr. Gadson's statement, witness statements, and the video review, the hearing officer found Mr. Gadson guilty of offense B-213, threatening. Mr. Gadson's sanctions included the loss of 60 days earned credit time and one credit class demotion.

Mr. Gadson appealed to the facility head and the Indiana Department of Correction ("IDOC") final reviewing authority, and both appeals were denied. He then brought this petition for and writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Gadson raises seven grounds for relief in his petition: 1) the time recorded on the incident report was incorrect; 2) the hearing was not conducted in seven business days; 3) a witness statement was not filed on the proper state form; 4) there was no lay advocate state form #35447 filed per policy; 5) he was not given the ability to select the lay advocate from the approved list; 6) he was not provided video evidence to review 24 hours prior to the hearing; and 7) the conduct report and officer's statement is falsified.

Several of Mr. Gadson's grounds are claims that IDOC policy was violated. These grounds include that certain forms were used, and certain time frames were not adhered to, and he was not allowed to pick his lay advocate from a list. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its

internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

None of the policy claims raised by Mr. Gadson allege that he was denied any of the four procedural safeguards guaranteed in *Wolff*. 418 U.S. at 570-71 (The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and some evidence to support the finding of guilt.). Accordingly, Mr. Gadson is not entitled to relief on these grounds.

Next, Mr. Gadson's challenges to the conduct report are essentially challenges to the sufficiency of the evidence. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Here, the conduct report provides some evidence that Mr. Gadson threatened the officers when they told him his recreation time had been cancelled. *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999) (a conduct report "alone" can "provide[] 'some evidence' for the . . .

decision."). Mr. Gadson takes issue with the time recorded on the conduct report. The conduct report states that officers approached Mr. Gadson's cell at "approx. 7:10 am." Dkt. No. 10-6. Mr. Gadson believes that he is entitled to relief because the video review states that officers were outside his cell at 6:56 am. Dkt. Nos. 2, 15, & 10-8. The conduct report's statement of the time of the incident was an approximation and was within 15 minutes of the time shown on the video. The time reported on the conduct report was not wrong, the conduct report was not falsified, and Mr. Gadson is not entitled to relief on this ground.

Finally, Mr. Gadson claims that the conduct report was filed against him in retaliation for grievances he filed just before the incident. This claim fails because Mr. Gadson has failed to "establish that the proper procedures were ignored, or that the evidence relied upon was not sufficient." *Guillen v. Finnan*, 219 F. App'x 579, 582 (7th Cir. 2007). Although inmates have a right to be free from the arbitrary acts of prison officials, that right is ensured through the procedural protections found in *Wolff*. Because Mr. Gadson has not shown that he was denied any of those procedural safeguards, he is not entitled to relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Gadson to the relief he seeks. Accordingly, Mr. Gadson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue. The **clerk is directed** to update the docket to reflect the substitution of the Warden for the Superintendent as respondent in this

action.

**IT IS SO ORDERED.**

_William T. Lawrence_

Date: 9/11/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BRYAN T. GADSON
989830
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov